**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT EDWARD DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00401-O-BP** |
| | § | |
| **STATE OF TEXAS, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMEDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 2, 2026, Plaintiff Robert Edward Davis, proceeding *pro se*, purported to remove his case to this Court from the 233rd District Court of Tarrant County, Texas, and the case was referred to the undersigned pursuant to Special Order 3 on April 8, 2026. ECF Nos. 1, 25.

But a "plaintiff may not remove an action from state court to federal district court." *Cooper v. City of Plano*, 260 F. App'x 680 (5th Cir. 2007) (first citing 28 U.S.C. § 1441(a), and then citing *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982)). Davis, "having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Accordingly, the appropriate action is to remand this case to the state court. *Ireland v. Cnty. of Freestone*, No. 6:24-cv-00576-ADA-JCM, 2024 WL 5114450 (W.D. Tex. Nov. 18, 2024), *rec. accepted sub nom.*, 2024 WL 5111962 (W.D. Tex. Dec. 13, 2024). The undersigned therefore **RECOMMENDS** that Chief United States District Judge Reed O'Connor **REMAND** this case to the 233rd District Court of Tarrant County, Texas, whence it came.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on May 4, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE